**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CESAR IVAN MARTINEZ OZUNA, | No.  1:25-CV-01753-DMC-HC |
| Petitioner, | |
| v. | MEMORANDUM OPINION AND ORDER |
| WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et. al., | |
| Respondents. | |

Petitioner, an immigration detainee, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pursuant to the written consent of all parties, ECF Nos. 10 and 11, this case is before the undersigned judge for all purposes, including entry of a final judgment.  See 28 U.S.C. § 636(c); see also ECF No. 15 (consent order).  Pending before the court is Petitioner's petition for a writ of habeas corpus, ECF No. 1. Respondents filed an answer, ECF No. 16.

**I. BACKGROUND**

Petitioner asserts that they have been detained by Immigration and Customs Enforcement (ICE) at the Golden State Annex Detention Facility since September 27, 2025. See ECF No. 1, pg. 13. Petitioner asserts that he has been in the United States "since I was 9 years old. That was 25 years ago. All my family is here. Most importantly my wife and kids are here as well." Id. at 7. Petitioner contends that during his detention, his "mental health is deteriorating

1

since I do not know until when or how long I will be here. My family is struggling outside emotionally, mentally and financially due to me being the head of household." Id. at 6.

Petitioner concedes he has two convictions for driving under the influence (DUI), one from 2016 and one from 2018, and "each time I committed a crime I made sure to fully complete everything I was ordered to do." Id. Petitioner additionally has a "sex offense charge and completed everything I was ordered to do. I deeply regret my mistake and I am sincerely asking for an opportunity to become a better person for myself, my family and the community." Id. Petitioner contends that since being detained, he has been set for three different court dates, twice so Petitioner could find an attorney. See id. Petitioner states that he is worried about his four children, who are all minors and U.S. citizens. See id. Petitioner asserts he has been working since he was fifteen years old, pays taxes, went to school in the United States and received his GED. See id. at 7. According to Petitioner, if released, he will "continue AA meetings and going to church with my family," and he is willing to agree to electronic monitoring and would check in with a parole officer. See id.

Petitioner argues that his detention violates the Due Process Clause because he is being detained without a hearing to determine Petitioner is a danger or flight risk. See id. at 2. Petitioner claims that "[t]o justify prolonged immigration detention, the government must bear the burden of proof by clear and convincing evidence hat the noncitizen is a danger or flight risk." Id. at 16. Finally, Petitioner argues that "due process also requires consideration of alternatives to detention," such as the Intensive Supervision Appearance Program. Id. at 17-18. Petitioner seeks release within 30 days, unless Respondents schedule a hearing before an immigration judge where the government establishes by clear and convincing evidence that Petitioner presents a risk of flight or danger. See id. at 19. Attached to the Petition is a notice, signed by a fellow detainee, asserting that they assisted Petitioner with translating and interpreting the petition and the facts Petitioner included. See id. at 21.

Respondents contend that the petition should be denied because Petitioner "is subject to mandatory detention as an 'applicant for admission' under 8 U.S.C. § 1225(b)(2)(A)." ECF No. 16, pg. 1 (citing Cortes Alonzo v. Noem et al., 1:25-cv-01519-WBS-SCR at Dkt. 14

2

(E.D. Cal. Nov. 17, 2025)). Respondent states that "Petitioner's immigrations proceedings were delayed on numerous occasions, at Petitioner's request." Id. at 2. Respondents argue that in addition to Petitioner being subject to mandatory detention, "Petitioner also poses a danger and a flight risk," citing Petitioner's criminal convictions, that "Petitioner attempted to flee from officers [citation omitted] and has two prior bench warrants for failure to appear." Id. at 4 (citing Gallenkamp Declaration, ECF No. 16-1)

## II. DISCUSSION

As a preliminary matter, Respondents "move to strike and dismiss all unlawfully named officials under §2241." ECF No. 16, pg. 1, n. 1 (citing 28 U.S.C. § 2242; Rumsfeld v. Padilla, 542 U.S. 426, 430 (2004); Doe v. Garland, 109 F.4th 1188, 1197 (9th Cir. 2024)). The Court finds that Petitioner has properly named their immediate custodian, Warden of the Golden State Annex Detention Facility, as required by Rule 2 of the Rules Governing Habeas Corpus Cases Under Section 2254.[1] See ECF No. 1, pg. 1. The case law cited by Respondents does not address dismissing Respondents nor establish any Respondents are "unlawfully named." Finally, if Respondents seek to dismiss the other Respondents from this action, they must do so in a properly noticed motion.

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. Hernandez v. Session, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. Zadvydas v. Davis, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all "persons" within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent."). These due process rights extend to immigration proceedings. Id. at 693–94. The Supreme Court nevertheless has recognized that "[d]etention during deportation proceedings is a constitutionally

[1] Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all of the rules to other types of habeas corpus petitions including § 2241 petitions.

permissible part of [the deportation] process." Demore v. Kim, 538 U.S. 510, 531 (2003); see also Carlson v. Landon, 342 U.S. 524, 538 (1952) ("[d]etention is necessarily a part of this deportation procedure"). In Demore, the Supreme Court noted that shorter detention periods during removal proceedings lasting roughly between a month and a half to five months are a "constitutionally permissible part of [the removal] process." 538 U.S. 510, 530 (2003).

Petitioner has been in detention since approximately August 27, 2025, and has therefore been in detention for less than six months.  Given this, the Court does not find that such detention is unreasonably prolonged and will therefore deny the petition. However, the Court notes that Petitioner's detention may at some point become unreasonably prolonged and due process may, at that time, necessitate certain procedural safeguards. Thus, dismissal will be without prejudice to allow Petitioner to seek relief in the future, if necessary.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    Petitioner's petition for writ of habeas corpus, ECF No. 1, is DENIED WITHOUT PREJUDICE;

2.    The Clerk of the Court is directed to enter judgment and close this file.

Dated:  February 11, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4